UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00027-JAW-02 |
| | ) | |
| MARSHALL SWAN | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

On October 2, 2013, a federal jury found Marshall Swan guilty of five counts of tax fraud for making false statements on his income tax returns for each tax year from 2006 through 2010. *Jury Verdict Form* (ECF No. 312). On June 3, 2014, the Court sentenced Marshall Swan to thirty-three months incarceration to be served concurrently, a $40,000 fine, one year of supervised release to be served concurrently, and $500 in special assessments. *J.* (ECF No. 350). On January 13, 2016, Mr. Swan, acting pro se, moved to reduce his sentence. *Mot. for Reduction of Sentence* (ECF No. 431) (*Def.'s Mot.*). The Government responded the same day, objecting to the motion. *Gov't's Obj. to Mot. to Reduce Sentence* (ECF No. 432). On February 5, 2016, Mr. Swan filed a reply. *Mem. in Resp. to Gov't Opp'n* (ECF No. 433) (*Def.'s Reply*).

Mr. Swan's motion is based on the erroneous proposition that the United States Sentencing Commission's recent amendments to the United States Sentencing Commission Guidelines effective November 1, 2015 retroactively apply to him and, if applied, would change the guideline range for his sentence. *Def.'s Mot.* at 1-2. Mr. Swan is mistaken.

Under 18 U.S.C. § 3582(c)(2), the law states:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Pursuant to this statute, for Mr. Swan to be eligible for a reduction, he must demonstrate (1) that the reduction is consistent with the applicable policy statements of the Sentencing Commission and (2) that the amended provisions would have lowered the sentencing range effective at the time of sentencing. Neither is true.

First, the "applicable policy statements issued by the Sentencing Commission" on retroactivity are found in United States Sentencing Guideline (USSG) § 1B1.10. The applicable section provides:

> (1) <u>In General</u>. In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG § 1B1.10(a)(1). Subsection (d) states:

> (d) <u>Covered amendments</u>. Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

USSG § 1B1.10(d). The amendment that increased the tax losses for determining the base offense levels in USSG § 2T4.1 was Amendment 791. USSG Supp. to App. C.,

Am. 791. Amendment 791 is not listed in subsection d as a covered amendment for purposes of retroactivity and therefore the guidelines do not allow retroactive application of the November 1, 2015 amendments to Mr. Swan's case, and as the policy statement of the guidelines does not allow retroactive application, neither does the statute.

Moreover, even if the November 1, 2015 amendments to the guidelines were retroactively applicable to Mr. Swan's case, the new guidelines would not change his guideline sentence range. Under 18 U.S.C. § 3582(c)(2), to be entitled to a retroactive reduction in a sentence, a defendant must demonstrate that he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This, Mr. Swan cannot do. At his sentencing hearing, the Court calculated the base offense level of 16 for Mr. Swan's guideline sentence under USSG § 2T1.1 and § 2T4.1(F), based on a tax loss of $145,400. *Statement of Reasons* Attach. 1 *Findings Affecting Sentencing* (ECF No. 351); *Sentencing Tr.,* 5:13-17 (ECF No. 354). To arrive at the base offense level of 16, the Court placed Mr. Swan in the tax loss range between $80,000 and $200,000. *See* USSG § 2T4.1(F) (in effect as of June 3, 2014). The new tax loss range effective November 1, 2015 increased the low end of base offense level 16 to $100,000 and the high end to $250,000. *See* USSG § 2T4.1(F) (effective Nov. 1, 2015). Thus, as the tax loss in Mr. Swan's case would fit between $100,000 and $250,000, even if Mr. Swan were the proper beneficiary of the amended guideline provisions, which he is not, his guideline range of incarceration would be the same.

In his reply, Mr. Swan cites *United States v. Dillon*, 560 U.S. 817 (2010) for the proposition that the Supreme Court "allow[ed] the District Court to exercise its discretion to modify and reduce a defendant's sentence because the amendment represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to sentencing judgments [reflected] in the guidelines." *Def.'s Reply* at 2. He argues that the Court therefore has the discretion to apply the "two step" process set forth in *Dillon* and grant him a sentence reduction. *Id.*

Mr. Swan misreads *Dillon*. Unlike Mr. Swan's case, the Sentencing Commission in *Dillon* "made the amendment to the crack-cocaine Guidelines retroactive." *Dillon*, 560 U.S. at 823. The *Dillon* Court's "two-step" approach is applicable to Mr. Swan's case only to the extent the first step is for the district court to "determine whether a reduction is authorized under [USSG] § 1B1.10." *United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015). As the First Circuit observed in *Vaughn* "[§] 1B1.10 authorizes a sentence reduction only when one of an enumerated list of guideline amendments applies." *Id.* In Mr. Swan's case, as the Court has explained, USSG § 1B1.10(d) does not list Amendment 791 as one with retroactive application and therefore, the Court is not authorized to award Mr. Swan a benefit from an amendment not applicable to him.

The Court is gratified to learn from Mr. Swan that he has done well in prison, that he has taken advantage of rehabilitation opportunities, that he has been designated as a town driver, and that he has assisted new inmates. *Def.'s Mot.* Attach. 1 *Aff. in Support of Mot. for Reduction of Sentence*. The Court regrets the

4

impact that his incarceration is having on his business. *See id.* Nevertheless, except for highly unusual circumstances not present here,[1] the law does not allow a sentencing judge to reduce a sentence based on a defendant's rehabilitation in prison. *See United States v. Berg*, No. 1:12-cr-00160-JAW-03, 2016 U.S. Dist. LEXIS 11094, at *7-13 (D. Me. Jan. 28, 2016).

The Court DENIES Marshall Swan's pro se Motion for Reduction of Sentence (ECF No. 431).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2016

---

[1] Under 18 U.S.C. § 3582(c)(1)(A)(ii), for example, if a defendant is at least 70 years old, has served at least 30 years in prison for an offense for which he is currently incarcerated, and the Director of the Bureau of Prisons determines that he is not a danger to the safety of any other person or the community, upon motion of the Director, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a).